181542, Mr. Davis. Mr. Davis, come right up to that podium. You have five minutes and we'll listen to you. So you can proceed. Yes, good morning. Good morning. I'm here today because my attorney stated that I made a threat on her, which is untrue. I made a text message prior to a mediation meeting to my attorney in my house. I was laying in bed and my son has schizophrenia. And his mother and his sister was in the living room and I'm in the bedroom laying down. And I was texting her a text message and my attention got diverted by my son arguing with his mother and his sister. And it got to the point where it sounded like he was really going to attack them. So as I'm laying in the bed texting my attorney, my message, I had to jump up off the bed and run into the living room and try to resolve this problem here. By me doing that, today's modern phones is all glass. It's all glass, these Samsung phones and stuff. So if you touch the phone without looking, it's going to do something. And my mistake, what I made that day, Your Honor, was I must have touched the phone trying to pay attention to my son trying to harm his mother and his sister. So I immediately tried to run into the room and I put the phone down. And I went and handled the business and quieted it down. When I got back, I noticed I made a mistake on the text message that got sent to her. So I tried to immediately apologize to my attorney and ask her for her forgiveness for that message because that wasn't my intended message. And the day went on and she hadn't responded back in that first day, so I went to sleep. And I got up the next day, thanking God, and I immediately started texting apologies to her again, asking for her forgiveness for that text message. Because that was not an intended text message. And she never responded back. The third day, she took and I believe she called the police on me and they came to see me. And the officer said, no, Barry, you don't look like this person. I said, no, it was clearly a mistake. I'm trying to explain to the lawyer that it was a mistake, but she never called me or texted me back so we can, you know, resolve that issue. And it looked like she just took the initiative to call the mediator judge and the people that was in Mount Sinai. Judge, I need to just tell you this before the time is up. When I went to the mediation, they had the people from Mount Sinai in another room and I was in a room by myself with my attorney. So the mediation judge kept going back and forth, going back and forth. And at the end, he came and he gave me their final offer and I told him that I wasn't going to accept that offer. And I told him, I said, is that it? This case is over, he said. Yeah, basically, if you're not going to take that offer, this case is over. I said, okay, have a good night and I left. And when I got home, I started texting the lawyer because when she came to the mediation, she didn't bring any of my documents to prove my case, Your Honor. And that's all it was, Your Honor. It was a clear mistake for the text message and I tried to clear it up with her. That's all I have to say. And you apologized. Yes, sir. Numerous times and I still apologize because it was not stated the way she's trying to claim it to be. I lived in Harlem. I'm 50, next month 55, thank you God. And I never sold drugs in my neighborhood and I lived in the worst neighborhood in my life. I was always respectful for my mother and my father. I'm the only black man in Harlem. Never sold drugs, never robbed nobody, never touched. I'm always respectful. Oh, I think that there are some other black men in Harlem. Thank you, that would be nice to, yeah. All right, I appreciate that. Ms. Sweeney, you've got a minute of rebuttal, Mr. Davis, so have a seat. We'll hear from Ms. Sweeney and then we'll hear from you again. Thank you. And it may please the court. Siobhan Sweeney on behalf of the defendant appellees in this case. The issue before this panel is whether the district court abused its discretion in entering the sanction of dismissal in the plaintiff's case after the plaintiff made threats, lethal threats against the attorneys involved in the case, the court-appointed mediator, and the defendant's representative. His threats were made immediately following the court-mandated mediation. The district judge considered the record before it, not the record that's presented here today, with the explanations as to why the text messages were sent. And indeed, the district court relied primarily on the evidence that was presented by Mr. Davis himself, who at that time was a pro se litigant, his attorney having withdrawn her representation with the court's approval, with one of the bases for that being that he had made a lethal threat against her. The district court has the inherent authority to enter an order of dismissal of a case as a sanction where a litigant engages in egregious misconduct, and for the orderly purposes of the case and to ensure the integrity of the process. In this case, the district court had ample evidence to impose the sanction of dismissal. There is nothing in the appellant's papers before this panel that changes that information in the record before the district court, and the appellees urged this court to affirm the district court's dismissal in this case. Thank you. Thank you. Mr. Davis, you've got one minute to respond. Your Honor, I'd just like to say I never made any threats to anybody. I'm nowhere near this kind of stuff. I made a mistake, yes I did. My attorney, she's withdrawing because I have no job. I was terminated wrongfully by a bully boss. It's a big story. Not at any moment I assure you that I made any threats to anybody. I was texting once again, and these phones is glass, and my attention was diverted from my son hurting his mother. So I grabbed him. I had the phone in my hand, so I just looked this way, and I put the phone down, and like I said, my friend must have accidentally sent a message. It's not like I made a threat to anybody. I never would make a threat to anybody under any circumstances. Thank you very much. Thank you. That will reserve decision, Mr. Davis and Ms. Sweeney. That concludes today's oral argument calendar, and the court is adjourned. Thank you. Thank you. Court is adjourned.